IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clozell Johnson-El,                          Case No. 3:12 CV 2781

                   Plaintiff,        MEMORANDUM OPINION
                                             AND ORDER

        -vs-

U.S. District Court, Clerk of Court,         JUDGE JACK ZOUHARY

               Defendant.


*Pro se* Plaintiff Clozell Johnson-El filed this action against a deputy clerk of the United States District Court.  Plaintiff alleges Defendant failed to assist him, and instead referring him to another government agency.  He asks this Court to help him to get his life in order and secure decent housing.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. 2).  That Application is granted.

### BACKGROUND

The Complaint (Doc. 1) is disjointed and difficult to decipher.  Plaintiff indicates federal attorney Esther Emanuel and federal judge Geneva Johnson are involved in a social security identity fraud under assumed names and aliases (Doc. 1 at 2).[1]  He contends they are trying to make him appear mentally ill and in need of medication, and denies he requires psychiatric treatment (Doc. 1 at 2).

---

[1] This Court is unable to find any record of a federal judge named Geneva Johnson in any district or appellate court.  Esther Emanuel is not a U.S. Attorney in the Northern District of Ohio.

Plaintiff claims he brought this matter to the attention of the Toledo law enforcement authorities without success; that the Toledo Police Department allowed him to file a police report (Doc. 1-1 at 5).  He alleges that police did not conduct a proper investigation and eventually became disrespectful and impatient with him.  He contends he was given the "run around" (Doc. 1 at 2).

Plaintiff went to the Lucas County Sheriff's Office for assistance.  He alleges the deputy at the front desk threatened his life; that he was told to get his things out of the office and not return or he would be hurt, although he kept his behavior appropriate at all times and asked to speak with a supervisor; and that a major in the Sheriff's Office spoke briefly with him but refused to assist.

It appears Plaintiff also visited the Lucas County courthouse.  He indicates the deputy at the security check point followed him around and interfered with his interaction with a female court employee, and that the deputy did not want him to get help in obtaining a City of Toledo identification card or information on how to be bonded.  He further alleges he behaved appropriately, but was angry with his treatment.

Plaintiff alleges he next tried to obtain the assistance of this Court; that he first encountered a United States deputy marshal during a security screening who inquired about his identity and business at the courthouse; he answered he is the grandson of Nathan and he was there to pursue an action against law enforcement officers in the City of Toledo; he went to the intake window at the Clerk's Office and spoke with a deputy clerk who he describes as very nice, warm, intelligent and polite; she was joined by another deputy clerk who was just thoughtfully observing; he noticed a man behind the scenes in another part of the office behind plexiglass who was "minding his own business letting the women take care of themselves" (Doc. 1 at 8); and he next revealed to the deputy clerks that he is the "Process of Arrangement" and a pimp (Doc. 1 at 8).

2

Plaintiff informed the deputy clerks he wanted to pursue a criminal action beginning with indictments against the City of Toledo police administration supervisor, officials in the Toledo Detective Bureau, the Chief of Police, law enforcement officials, the front desk authorities at the Sheriff's Office, and the security personnel at the Lucas County courthouse. Plaintiff asked for the assistance of a U.S. Attorney. The deputy clerk told him he would have to call the U.S. Attorney's Office and provided him with the telephone number. He demanded to speak with the Court's assistant attorney on site and was told he would have to obtain an attorney if he required legal assistance. He also alleges he attempted to talk to someone at the local U.S. Attorney's Office but was denied assistance. He is concerned no one is seriously considering his allegations.

Plaintiff's pleading contains other less coherent statements. He indicates he gave chief payee status to his grandfather Nathan Hobson as his legal guardian; proclaims Nathan is God; and provided the marshals with written proof of what Nathan has in store for them; and expressed to the deputy clerk that he loves money to a great degree, professed to be "super intelligent," the best friend of the "Father God Nathan," and "Nathan's East Angel" (Doc. 1 at 10).

In addition to his Complaint (Doc. 1), Plaintiff submitted five documents he titles as Motions: Ex Parte Motion (Doc. 5), a Motion for Consideration About Illegal Discrimination (Doc. 6), a Motion for Consideration About Racially Motivated Hate Crimes and Reverse Discrimination and Unfair Discrimination and Abuse of Power (Doc. 7), a Motion for Consideration to Prove Racial/Reverse and Unfair Discrimination (Doc. 8), and a Motion to the Assigned Judge's Court Reporter's Office to Activate the Clerk's Office to Own Up to Admitting that She Remembered to Help People that is Not Stupid for an Immediate Ruling (Doc. 9). Two of these Motions (Docs. 6 & 7) are identical in content. All these Motions are stream of consciousness narratives, with no

apparent connection to Defendant or the Complaint, and heavily peppered with sexual references, professions of his love of money, and declarations of his devotion to Nathan. None of these Motions seek relief from this Court.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, courts must construe the pleading in the light most favorable to plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

4

### ANALYSIS

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

In general, federal courts have authority to hear a case only when it raises a federal question by asserting a claim under a federal statute, or when diversity of citizenship exists between the parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity of citizenship does not exist in this case as Plaintiff includes allegations suggesting both he and Defendant are citizens of Ohio. *See* 28 U.S.C. § 1332. If federal jurisdiction exists in this case, it must be premised on a federal question.

In determining whether a claim arises under federal law, this Court looks only to the "well pleaded allegations of the complaint and ignore[s] potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (internal citation and quotation marks omitted). Although the well-pleaded complaint rule focuses on what a plaintiff alleges, it allows courts to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue; (2) are

5

completely preempted by federal law; or (3) are truly federal law claims in disguise. *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and therefore enjoys the benefit of a liberal construction of his pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Even with that liberal construction, however, Plaintiff fails to properly identify a federal question in this case. Plaintiff is suing an unnamed deputy clerk because she would not assist him with filing criminal charges against two individuals, and would not summon a U.S. Attorney to the Clerk's Office to assist him with his mission. She did refer him to the Offices of the U.S. Attorney which declined to pursue an investigation or bring criminal charges. He does not indicate a legal cause he intends to assert against the Clerk based on these facts, and none is apparent on the face of the Complaint. Without a viable federal legal cause of action, Plaintiff has not established a basis for federal jurisdiction in this case.

Moreover, court clerks have quasi-judicial immunity from damages when they perform tasks that are an integral part of the judicial process. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (per curiam). This immunity applies to all acts of auxiliary court personnel that are "basic and integral parts of the judicial function," unless those acts are done in the clear absence of all subject matter jurisdiction of the court. *Mullis v. U.S. Bankr. Ct., Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987). Acts committed in error or in excess of jurisdiction will not negate immunity, even if it results in "grave procedural errors." *Id.*

Plaintiff indicates the deputy clerk would not assist him in filing criminal charges. However, criminal actions in the federal courts are initiated by the U.S. Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). Defendant could not have assisted him in filing criminal charges as she was not

6

authorized by law to do so. Refusing to accept documents for filing is an integral part of the judicial process and within the subject matter jurisdiction of this Court. *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (per curiam) (citing *Foster*, 864 F.2d at 417). Even if Plaintiff had stated a viable federal cause of action, Defendant would be absolutely immune from damages.

## VEXATIOUS LITIGATION

Finally, from the date this case was initiated, Plaintiff has filed a document every day this Court has been open for business until this Court entered an Order enjoining Plaintiff from doing so (Doc. 11). None of these filings seek any discernable relief from this Court and appear to be nothing more than random diatribes replete with sexual innuendo offered for the apparent purpose of shocking the reader. This Court also is mindful of Plaintiff's prior court encounters where several of his civil rights actions were dismissed as frivolous. *See United States v. Johnson-El*, 89 F.3d 836 (6th Cir. 1996). Given Plaintiff's pattern of behavior in this case, it is likely he will continue to file nonsensical documents and attempt to harass this Court even after his case is terminated.

This Court will no longer permit Plaintiff to use its resources to express his frustrations with the world at large and abuse the judicial process. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id*. at 1074. To achieve these ends, the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145, 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, 1995 WL 111480, at *3 (6th Cir. 1995). Plaintiff's Motions are patently vexatious and appear calculated to either harass this Court or to abuse the judicial process.

Consequently, Plaintiff is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of this Court by adhering to the following procedure:

(1) He must file a Motion Pursuant to Court Order Seeking Leave to File with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed as a miscellaneous case).

(2) As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying:

> (a) the document raises a new issue which has not been previously raised in this Court or any other court;

> (b) the claim or issue is not frivolous; and

> (c) the document is not filed in bad faith.

(3) By means of a second exhibit, he must identify and list:

> (a) the full caption of each and every suit which has been filed previously by his or on his behalf in any court against each and every defendant in any new suit he wishes to file; and

> (b) the full caption of each and every suit which he currently has pending.

(4) As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing Paragraph 3 and a certified record of its disposition.

This Court may deny any Motion for Leave to File if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any Motion for Leave to File, and may be considered an act of contempt for which he may be punished accordingly.

8

Finally, to prevent future harassment by Plaintiff and the waste of this Court's limited resources, the Clerk's Office is hereby ordered as follows:

(1)  Any document submitted by Plaintiff prior to obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains:

(a) an affidavit or sworn declaration as required by this Order;

(b) a copy of this Order; and

(c) the exhibits required by this Order.

(2)  The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Plaintiff files, unless and until leave is granted.

## CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is granted and this action is dismissed under 28 U.S.C. §1915(e).  Plaintiff's Ex Parte Motion (Doc. 5), Motion for Consideration About Illegal Discrimination (Doc. 6), Motion for Consideration About Racially Motivated hate Crimes and Reverse Discrimination and Unfair Discrimination and Abuse of Power (Doc. 7), Motion for Consideration to Prove Racial/Reverse and Unfair Discrimination (Doc. 8), and Motion to the Assigned Judge's Court Reporter's Office to Activate the Clerk's Office to Own Up to Admitting that She Remembered to Help People that is Not Stupid for an Immediate Ruling (Doc. 9) are denied.

9

In addition, Plaintiff is enjoined from filing any new lawsuits or other documents without seeking and obtaining leave from this Court as set forth in this Order.  This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                       ___s/ *Jack Zouhary*____
                                         JACK ZOUHARY
                                         U. S. DISTRICT JUDGE

                                         November 26, 2012